# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEVI FOERDERER,

      Petitioner,

v.                                 CASE NO.  5:17-cv-139-Oc-02PRL

WARDEN, FCC COLEMAN – USP II,

      Respondent.

_____/

## **O R D E R**

      This cause comes before the Court on the Petition for Writ of Habeas

Corpus (Dkt. 1) filed by Levi Foerderer pursuant to 28 U.S.C. § 2241.

Respondent filed a Response to Petition.  Dkt. 6.  Foerderer filed a reply.  Dkt. 7.

After careful consideration of the submissions of the parties and the entire file, the

Court concludes the petition should be denied.

## **BACKGROUND**

      Foerderer is a federal inmate currently incarcerated at the Federal

Correctional Complex, United States Penitentiary Coleman II in Sumter County,

Florida.  Dkt. 6-1 at 3-6.  He is serving an aggregated term of imprisonment of 160

months imposed by the United States District Court of North Dakota.  *Id.*  In May

2016, Foerderer was disciplined by the Bureau of Prisons ("BOP") for possession

of stolen goods. *Id*. at 15-17. He contends the property was not stolen and seeks to overturn the sanction imposed against him of disallowance of 27 days of good conduct time. His current release date is calculated at September 17, 2021, via good time release. *Id.* at 3.

## THE BOP RECORD

While housed in the Federal Correctional Institution in Greenville, Illinois, Petitioner received an incident report for "stealing/theft" of food, which occurred on April 21, 2016. Dkt. 6-1 at 8-9. The incident was described as follows:

> [A]t approximately 12:35 p.m., [a staff member] was conducting random pat searches of inmates . . . when [the staff member] observed inmate Foerderer . . . with a green apron in his hands folded up, which appeared to have something in it. [The staff member] unfolded the apron and discovered approximately 10 lbs of cottage cheese wrapped in clear hamburger bread bag. Foerderer advised [the staff member] that Food Service supervisors allowed him to bring back the cottage cheese. After the move was completed, [the staff member] contacted food service and they advised [the staff member] that they did not authorize any inmates to bring back food service items back to their units.

*Id*. at 8. Attached to the report is a copy of the cost memo from food service. *Id*. at 18. This report was delivered to Foerderer at 3:25 p.m., and a BOP investigating lieutenant then advised him of his right to remain silent. *Id*. at 9.

Foerderer stated "no comment" when the lieutenant asked him about the incident. *Id*.

The incident report was forwarded to the Unit Discipline Committee ("the UDC" or "the Committee"), and a hearing was held before the UDC on April 28, 2016. *Id.* at 8-9.[1] Foerderer told the Committee that he "did not steal the item from food service." *Id.* at 8. The Committee referred the charge to the Discipline Hearing Officer (DHO) for further hearing. *Id*. The UDC "recommend[ed] any appropriate sanction as determined by the DHO." *Id*. That same day in April, Foerderer received notice of the disciplinary hearing and he was informed of his rights attendant with the disciplinary process. *Id*. at 11, 13.

At the May 5, 2016 hearing before the DHO, Foerderer's due process rights were again reviewed with him. *Id.* at 15. He confirmed he did not want either a staff representative or witnesses present. *Id*.[2] He made the following statement to the DHO: "I got it [the food] from another inmate. I was in possession of something that I wasn't authorized to have. I did have the cottage cheese." *Id*.

---

[1] "A UDC hearing is a hearing held before the prison Unit Disciplinary Committee wherein a prisoner is advised of the charges against him and his rights." *Terrell v. Rathman*, 1:11-cv-197-WMA-HGD, 2012 WL 4953128, at *7 n.8 (N.D. Ala. Sept. 13, 2012).

[2] "If the case is referred to the DHO for disposition, the prisoner is asked if he wants a staff representative and the names of any witnesses he wishes to call." *Terrell*, 2012 WL 4953128, at *7 n.8.

The DHO considered the lieutenant's account of the incident, the staff memorandum documenting the cost of the cottage cheese at $19.08, Foerderer's failure to make a statement during the lieutenant's investigation, his statement to the UDC that he did not steal the cottage cheese, his statement before the DHO that he was in possession of the cottage cheese, and the fact that the cottage cheese can neither be purchased at the commissary nor is it issued through regular channels. *Id*. at 15-16. Based on his review, the DHO amended the charge to possession of stolen property, found that Foerderer committed the prohibited act based on the "greater weight of the evidence," and sanctioned him with disallowance of 27 days of good conduct time. *Id*.[3]

## DISCIPLINARY ACTION

Foerderer argues that the cottage cheese was not stolen because it was served to the entire inmate population through regular channels, i.e., "mainline." Dkt. 1 at 6. He claims no one from the kitchen staff reported the cottage cheese as stolen – it was collected off discarded trays. *Id.* at 2, 6. He contests the amount of cottage cheese allegedly stolen – ten pounds – was not proven. *Id*. at 2. He confesses in the petition that he was guilty of only possession of an unauthorized

_____

[3] "Only a DHO can impose a disallowance of Good Conduct Time as a sanction." *Terrell*, 2012 WL 4953128, at *7 n.8; 28 C.F.R. § 541.7(f) (UDC cannot impose loss of good conduct sentence credit); 28 C.F.R. § 541.8(g) (DHO can impose any available sanction).

item, not stolen property.  *Id*. at 6.  He seeks the return of the loss of time for good conduct.  *Id*. at 8.

### *The Conduct of the Disciplinary Proceedings*

Prison officials "implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules."  *U.S. v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998).  A staff member may write an incident report "when staff witness or reasonably believe" that an inmate committed a prohibited act.  28 C.F.R. § 541.5(a).  An investigation begins and the inmate receives a written incident report.  28 C.F.R. § 541.5(b).  The investigator informs the inmate of his rights.  *Id*.

Once the investigation is complete, the UDC reviews the incident report at which time the inmate is permitted to appear before the Committee.  28 C.F.R. § 541.7.  "The UDC's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence."  28 C.F.R. § 541.7 (e).  If the matter is referred to the DHO, the UDC advises the inmate of his rights at the upcoming DHO hearing.  28 C.F.R. § 541.7(g).

At the DHO hearing, the inmate is permitted to be represented by staff and to request witnesses to appear to testify on the inmate's behalf.  28 C.F.R. § 541.8.

The DHO will consider all evidence presented and the decision "will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." 28 C.F.R. § 541.8(f). The DHO is required to provide written findings explaining the basis for the disciplinary action and the inmate's right to appeal. *Wolff v. McDonnell*, 418 U.S. 539 (1974) (outlining specific hearing procedures to satisfy standards of procedural due process in prison setting);[4] 28 C.F.R. § 541.8(h), (i).

The record shows that the BOP followed the inmate discipline regulations in this case. At all stages, Foerderer was informed of his rights afforded under the prison disciplinary proceedings. He was informed of the charge and his right to remain silent at the investigative stage. Dkt. 6-1 at 8, 9. He was given adequate advance notice of his rights with respect to the ensuing disciplinary hearing, and was again reminded of those rights at the DHO hearing. *Id*. at 11, 13. Accordingly, the requirements of *Wolff* have been satisfied in the conduct of the disciplinary proceedings.

---

[4] "*Wolff* instructed that prisoners must receive: (1) advance written notice of the charges against them; (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011).

## *The Sufficiency of the Evidence*

The standard for determining whether the decision by the prison disciplinary board satisfies due process requirements is whether "some evidence" supports the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1984). In other words, the relevant question is whether "any evidence" supports the conclusion reached by the prison officials. *Id.* at 455-56; *Young v. Jones*, 37 F.3d 1347, 1460 (11th Cir. 1994). In situations where the evidence is conflicting, the BOP regulations appear to go one step further and require that the DHO's decision be based on "the greater weight of the evidence." 28 C.F.R. § 541.8(f).

The scope of this Court's review of prison disciplinary actions is limited. *Hill*, U.S. at 455-56; *Young*, 37 F.3d at 1460. It does not require an examination of the "entire record" or reweighing the evidence. *Hill*, 472 U.S. at 455-56. "The clear implication of *Hill* is that courts are not to conduct exhaustive reviews of findings of prison disciplinary panels." *O'Bryant v. Finch*, 637 F.3d 1207, 1214 (11th Cir. 2011).

The DHO relied on existing evidence both in amending the charge of stealing (28 U.S.C. § 541.3, Table 1, Code 219) to possession of stolen property

(28 U.S.C. § 541.3, Table 1, Code 226),[5] and in finding that the greater weight supported the charge. First, Foerderer made two statements. During the investigation phase, he exercised his right to remain silent. Dkt. 6-1 at 16. In front of the Committee, he stated that he did not steal the cottage cheese from food service. *Id*. at 8, 16. At the DHO hearing, he admitted he possessed the cottage cheese, which he stated he had obtained from another inmate. *Id*. at 16. These statements constitute an admission that he possessed the stolen property. They are not conflicting.

In addition to Foerderer's admission, the DHO took into consideration Foerderer's lack of any defense throughout the entire process. Dkt. 6-1 at 16. He also found Foerderer's credibility "lessened." *Id*. at 16. Although he stated to the investigator that food service supervisors allowed him to take the cottage cheese, food service denied ever permitting inmates to take food back to their cells. *Id*. at 8, 15. Such a large amount of cottage cheese is not otherwise "issued through regular channels." *Id*. at 16. All the while, Foerderer maintained that the cottage cheese was not stolen. The DHO observed that he "mingl[ed] truth and falsehood with the deliberate intent to deceive." *Id*. He was carrying the bag of food

---

[5]  The DHO wrote, "Specifically, you were in possession of stolen property however there is no evidence provided that you were the individual that stole the item." Dkt. 6-1 at 16.

wrapped in a green apron, and it was revealed only after a random pat down search conducted by the staff member who noticed the oddly folded apron. *Id.* at 8, 16.

The Court finds at the very least that *Hills'* "some evidence" benchmark has been met. Even though there was no conflicting evidence in this case, the DHO based his decision on the greater weight of the evidence. Because the disciplinary process was sound and the evidence against Foerderer sufficient under either the "some" or the "greater weight" standard, the Court denies the petition.

It is therefore **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2241 is denied. The Clerk is directed to enter judgment for Respondent, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on April 5, 2019.


        s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Petitioner, *pro se*